Daniel M. Cislo, Esq., No. 125,378
    *dan@cislo.com*
Mark D. Nielsen, Esq., No. 210,023
    *mnielsen@cislo.com*
CISLO & THOMAS LLP
12100 Wilshire Boulevard, Suite 1700
Los Angeles, California 90025
Telephone: (310) 451-0647
Fax: (310) 394-4477

*Of Counsel*:
Mark S. Kaufman, Esq., NY Bar No. 2329621
(*pro hac vice* application to be filed)
    *kaufman@kaufmankahn.com*
KAUFMAN & KAHN, LLP
10 Grand Central
155 East 44th Street, 19th Floor
New York, New York 10017
Telephone:  (212) 293-5556

Attorneys for Plaintiff,
CW BRANDS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CW BRANDS, LLC, a Delaware limited liability company,<br><br>             Plaintiff,<br><br>      vs.<br><br>COLDWATER APPAREL LLC, a California limited liability company, and CARL EUGENE DONELSON, an individual, and DOES 1-9, inclusive,<br><br>             Defendants. | CASE NO. 2:21-cv-02811<br><br>**COMPLAINT FOR:**<br><br>**(1)  Federal Trademark Infringement**<br>**(2)  Federal Common Law Trademark Infringement**<br>**(3)  Federal False Designation of Origin**<br>**(4)  Federal Unfair Competition**<br>**(5)  California Common Law Trademark Infringement**<br>**(6)  California Unfair Competition**<br>**(7)  Federal False Advertising**<br><br>**[DEMAND FOR JURY TRIAL]** |

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477
TELEPHONE: (310) 451-0647

## COMPLAINT

CW Brands, LLC ("Plaintiff"), by and through its attorneys, Cislo & Thomas LLP, as and for its Complaint, states the following:

## NATURE OF THE ACTION

1.     This action is brought pursuant to the Federal Trademark Act, 15 U.S.C. § 1051, *et seq*., to stop and prevent Defendants from continuing illegally to use COLDWATER APPAREL in connection with shirts and other clothing products on the grounds that such use infringes on Plaintiff's federally registered and common law COLDWATER CREEK trademarks, service marks and trade name, and constitutes unfair competition, false designation of origin, and false advertising, and to recover damages against Defendants.

## THE PARTIES

2.     CW Brands is a limited liability company organized and existing under the laws of Delaware, with a principal place of business located at c/o Newtimes Group LLC, 150 SE 2nd Avenue, Suite 1404, Miami, Florida 33131.

3.     Upon information and belief, Coldwater Apparel LLC ("the LLC") is a limited liability company organized and existing under the laws of California, with a principal place of business located at 4735 Sepulveda Blvd., Apt. 336, Sherman Oaks, CA 91403.

4.     Upon information and belief, at all times mentioned herein, Defendants Carl Eugene Donelson ("Donelson" and together with the LLC, "Defendants") was and is a natural person and citizen of the State of California believed to be residing in this judicial district at 4735 Sepulveda Blvd., Apt. 336, Sherman Oaks, CA 91403.

## JURISDICTION AND VENUE

5.     This Court has federal question jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, diversity jurisdiction pursuant to

28 U.S.C. § 1332 and supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

6.     The Court has personal jurisdiction over the LLC inasmuch as the LLC is a California limited liability company, as indicated on the California Secretary of State website, having a place of business in this judicial district.

7.     The Court also has personal jurisdiction over Donelson as he is believed to be a resident of this judicial district.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) inasmuch as all Defendants "reside" in this judicial district.  Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff' claims occurred in this judicial district. Specifically, in connection with their selling unauthorized products bearing the trademark COLDWATER APPAREL or COLDWATER for clothing, each of which is confusingly similar to Plaintiff's, Defendants have and continue to improperly use a mark confusingly similar to Plaintiff' registered COLDWATER CREEK trademarks for clothing and other goods and services, as well as engaged in trademark infringement, unfair competition, and related legal violations under federal law, as well as California common and statutory law..

## **FACTUAL BACKGROUND**

### **The COLDWATER CREEK Marks**

9.     Since at least as early as September 1992, Plaintiff through its predecessor in interest has continuously used the trademark COLDWATER CREEK in connection with a variety of products and services (the "COLDWATER CREEK Marks") including, by way of example only, "clothing, namely, shirts, jackets, blouses, and sweatshirts", in Class 25 (Registration No. 1,876,534); "Clothing, namely, shirts, jackets, blouses, pants, sweatshirts, sweat pants, dresses, sleep wear

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647
FACSIMILE: (310) 394-4477

and shoes" in Class 25 (Registration No. 2,740,447); and WEEKEND BY COLDWATER CREEK for "Belts; Blazers; Blouses; Bottoms; Coats; Dresses; Hats; Headbands; Jackets; Nightwear; Overcoats; Parkas; Scarves; Shirts; Shorts; Skirts; Sweat shirts; Sweat suits; Sweatbands; Sweaters; Sweatpants; T-shirts; Tops; Vests; Wraps" in Class 25 (Registration No. 4,284,012).

10.     Plaintiff's clothing products have enjoyed a high level of success in the United States and earned a loyal following among U.S. consumers.

11.     Plaintiff has extensively advertised and promoted the goods and services offered under the COLDWATER CREEK Marks to consumers across the United States through a variety of different means, including through its website www.coldwatercreek.com, and through online distributors like www.amazon.com.

12.     The COLDWATER CREEK Marks is inherently distinctive, serving to identify and indicate the source of Plaintiff's goods and services to the relevant consuming public, and to distinguish Plaintiff's goods and services from others.

13.     Additionally, as a result of Plaintiff's extensive use and promotion of its COLDWATER CREEK Marks, such marks have become distinctive and widely recognized by consumers. As a consequence of Plaintiff's marketing and sales success, the COLDWATER CREEK Marks has become strongly identified by the relevant consuming public with Plaintiff and its goods and services.

14.     In addition to its extensive common law trademark rights in California and elsewhere, Plaintiff is the owner of the following U.S. registrations for marks consisting of or including the words COLDWATER CREEK, which registrations are valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065:   USPTO Registration Nos.  1,531,418;  1,861,320;  1,876,534;  2,217,173;  2,544,861; 2,555,721;  2,602,690;  2,634,836;  2,714,390;  2,740,447;  2,769,235;  3,266,290; 3,306,042;  3,672,504;  3,731,760;  3,893,477;  3,894,084;  3,894,086;  3,894,088; 3,894,089;  3,894,090;  3,976,916;  3,976,916;  4,057,615;  4,284,012; and 4,299,279.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

## **DEFENDANTS' INFRINGING CONDUCT**

15.     Upon information and belief, on March 14, 2019, the LLC was formed in the California Department of State, with Donelson named as the LLC's chief executive officer.

16.     On July 19, 2020, Donelson filed U.S. Serial No. 90/060,729 (the "Application") for the mark COLDWATER APPAREL.

17.     The Application was filed pursuant to 15 U.S.C. § 1051(a) based on Donelson's alleged actual use of the mark in commerce, allegedly as early as March 1, 2019, in connection with "shirts; short-sleeved shorts" in Class 25.

18.     The Application was also filed pursuant to 15 U.S.C. § 1051(b) based on Donelson's alleged bona fide intent to use of the mark in commerce for "Hats; Pants; Socks; Underwear; Shirts and short-sleeved shirts; Belts; Hoodies; Jackets; Jogging pants; [and] Sweat pants" in Class 25.

19.     There is no issue as to Plaintiff's priority. Plaintiff's first use in commerce and registration of its COLDWATER CREEK Marks long precedes the Application's filing date and Donelson's first use, if any, of the COLDWATER APPAREL mark.

20.     The goods and services covered by the Application are identical to some of the goods for which Plaintiff has used and registered its COLDWATER CREEK Marks.

21.     As recently as March 2021, Defendants have been selling t-shirts, and upon information and belief, sweatshirts and kids' apparel, bearing the label COLDWATER.

22.     In addition to bearing a label with the trademark COLDWATER, defendants' t-shirts, sweatshirts and kids' apparel display the designs and trademarks of third parties, including L.A. Guns, Red Hot Chili Peppers, Motley Crue, NBA L.A. Lakers, Kobe Bryant, Craig Hodges, and Nipsey.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
Telephone: (310) 451-0647
FACSIMILE: (310) 394-4477

23.     Upon information and belief, Defendants are displaying the designs and trademarks on their clothing products without the permission or approval of such third parties.

24.     Defendants' COLDWATER APPAREL mark so resembles Plaintiff's COLDWATER CREEK Marks as to be likely, when used in connection with the goods identified in the Application, to cause confusion, or to cause mistake, or to deceive.

25.     The marks both include the term "COLDWATER", with Defendants' mark adding the noun "Apparel", which merely describes the type of goods used in connection with both Plaintiff's and Defendants' respective marks.

26.     Further, Defendants are actually using COLDWATER on their products, without the modifier "Apparel" as set forth in their trademark Application.

27.     The failure of Defendants to use their mark as filed in their trademark Application further increases the likelihood of confusion among relevant consumers.

28.     Upon information and belief, Defendants' goods and services travel in the same or similar channels of trade as Plaintiff's goods and services and will be used by the same or similar types of consumers who purchase and use Plaintiff's goods and services – that is, those who are purchasing clothing.

29.     Defendants' goods and services are sold on its website at www.coldwaterapparel.com, and promoted on a Facebook account is under the name "Coldwater Apparel"; an Instagram account @coldwaterapparel; and a Twitter account @coldwater_la.

30.     For at least the foregoing reasons, the marks are highly similar in sight, sound, connotation, and usage in the marketplace.

31.     Plaintiff has not given Defendants permission or approval to use or register the COLDWATER APPAREL mark, or any other substantially similar mark(s)

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

32.     Upon information and belief, Defendants also do not have licenses or any other authorizations by the third-party owners of trademarks to display such trademarks on Defendants' goods.

33.     To the extent the third parties whose trademarks and designs appear on Defendants' apparel have not provided permission or approval to use such trademarks or designs, Defendants are serial infringers of trademarks (and copyrights) and should be held liable for such systematic, purposeful and willful misconduct.

34.     On February 24, 2021, Plaintiff filed in the Trademark Trial and Appeal Board a Notice of Opposition seeking to prevent the USPTO registration of Donelson's application for COLDWATER APPAREL.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## UNDER SECTION 32 OF THE LANHAM ACT, 15 USCA § 1114

35.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 34 as if set forth fully herein.

36.     Defendants have marketed and promoted and continue to market and promote clothing through the unauthorized use of marks confusingly similar to the federally registered COLDWATER CREEK Marks, and such use has caused and is likely to continue to cause confusion or mistake among prospective or actual customers.

37.     Defendants have used and are using in commerce COLDWATER and COLDWATER APPAREL marks which are confusingly similar to the registered COLDWATER CREEK Marks in connection with the sale, offering for sale, distribution, or advertising of t-shirts, sweatshirts, and kids' apparel, and such use is likely to cause confusion, or to cause mistake, or to deceive.

38.     Defendants' acts have been committed with knowledge that such confusing similarity is intended to be used to cause confusion, or to cause mistake,

or to deceive.

39.   Additionally, Plaintiff has incurred damages, and Defendants have profited from, their unauthorized use of the COLDWATER CREEK Marks.

40.   Defendants' acts constitute infringement of Plaintiff's registered trademarks, in violation of Section 32 of Lanham Act, as amended, 15 U.S.C.A. Section 1114.

41.   Because Defendants' acts have been committed willfully, intentionally, and with the intent to profit from Plaintiff's goodwill in its trademarks, this is an exceptional case and Plaintiff is entitled to recover its attorneys' fees, costs, and expenses associated with this action.

42.   Furthermore, in light of Defendants' willful and intentionally infringing activities, Plaintiff is entitled to recover Defendants' profits and Plaintiff's damages, trebled, pursuant to 15 U.S.C. §§ 1117(a) and 1117(b).

43.   By reason of Defendants' acts, Plaintiff has suffered and will continue to suffer irreparable damage.  Unless this Court restrains Defendants from continuing these wrongful acts, the damage to Plaintiff will increase.  Thus, Plaintiff are entitled to preliminary and permanent injunctive relief.

44.   Plaintiff has no adequate remedy at law to stop Defendants' unlawful acts.

45.   No previous injunctive relief has been awarded with respect to this matter in this case or any other case.

## COUNT II
## FEDERAL COMMON LAW TRADEMARK INFRINGEMENT
## UNDER SECTION 43(A) OF THE LANHAM ACT, 15 USCA § 1125(A)

46.   Plaintiff repeats and incorporates the facts and allegations of paragraphs 1 through 45 above, inclusive, as though fully set forth herein.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647     FACSIMILE: (310) 394-4477

47.   This claim is against Defendants for infringement of Plaintiff's trademark rights subsisting under common law in the COLDWATER CREEK Marks.

48.   In addition to its federal registration rights, Plaintiff owns exclusive rights in and to its COLDWATER CREEK Marks.

49.   Plaintiff through its predecessor has been using the COLDWATER CREEK Marks in association with various goods, including numerous types of clothing and apparel, without interruption, since at least as early as September of 1992.

50.   Plaintiff's COLDWATER CREEK Marks are highly distinctive and distinguish Plaintiff's apparel and other products from those of its competitors.

51.   Plaintiff's COLDWATER CREEK Marks are strong in light of the substantial marketing, promotion, and sales of its apparel products by Plaintiff for many years, its critical acclaim, and its widespread public recognition.

52.   Defendants have used, and are using, in interstate commerce the name "COLDWATER" as a trademark in connection with apparel products in such a way that is likely to cause confusion, to cause mistake, or to deceive, as to the affiliation, connection, or association between Defendants and Plaintiff and the COLDWATER CREEK Marks.  Defendants have undertaken such acts willfully, intentionally, and without permission or authorization from Plaintiff.

53.   Defendants have therefore infringed, and are infringing, Plaintiff's COLDWATER CREEK Marks in violation of the Lanham Act, 15 U.S.C. § 1125(a).

54.   Upon information and belief, at all times relevant to this action, including the time Defendants first adopted its COLDWATER or COLDWATER APPAREL marks, and after Defendants knew of Plaintiff's prior adoption, ownership, and commercial use of the COLDWATER CREEK Marks in connection with apparel, Defendants nevertheless commenced their commercial use of said marks in connection with apparel, such that Defendants' adoption of their marks was

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

a blatant attempt to trade on Plaintiff's goodwill and good reputation.  Defendants' infringement of Plaintiff's COLDWATER CREEK Marks is therefore willful and deliberate.

55.     Because Defendants' acts have been committed willfully, intentionally, and with the intent to benefit from Plaintiff's goodwill in its COLDWATER CREEK Marks, this is an exceptional case, and Plaintiff is entitled to recover its attorneys' fees, costs, and expenses associated with this action.

56.     Because of Defendants' acts of willful trademark infringement, Plaintiff is entitled to recover its damages and Defendants' ill-gotten gains as available under the Lanham Act.

57.     By reason of Defendants' acts of trademark infringement, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendants from any further acts of trademark infringement.

58.     By reason of Defendants' acts of trademark infringement, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendants from any further acts of trademark infringement.

59.     Defendants' continuing acts of trademark infringement, unless enjoined, will cause irreparable damage to Plaintiff in that it will have no adequate remedy at law to compel Defendants to cease such acts.  Plaintiff will be compelled to prosecute a multiplicity of actions, one action each time Defendants commit such acts.

60.     Plaintiff is therefore entitled to a preliminary injunction and a permanent injunction against further infringing conduct by Defendants and those in concert with Defendants and those directing the infringing conduct, including the owners, officers, and directors of Defendants.

# COUNT III

## FEDERAL FALSE DESIGNATION OF ORIGIN

## UNDER SECTION 43(A) OF THE LANHAM ACT, 15 USCA § 1125(a)

61.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 60 as if set forth fully herein.

62.    Plaintiff uses its COLDWATER CREEK Marks throughout the United States in connection with, among other goods and services, various types of apparel, and has done so since approximately September of 1992, without interruption.

63.    Plaintiff's COLDWATER CREEK Marks are distinctive and distinguish Plaintiff's apparel products from those of its competitors.

64.    Plaintiff's COLDWATER CREEK Marks are strong in light of the substantial marketing, promotion, and sales of its apparel products by Plaintiff for many years, its critical acclaim, and its widespread public recognition.

65.    Defendants' acts referenced herein constitute a false designation of origin and are likely to cause confusion, mistake or deception among purchasers and potential purchasers of goods bearing the COLDWATER CREEK Marks as to the source or origin of the goods sold by Defendants, because purchasers are likely to believe that Plaintiff's goods and services originate from, or are in some way properly connected with, approved by, sponsored by, or endorsed by Plaintiff.

66.    Defendants' acts of marketing and promoting their apparel, through and with the COLDWATER CREEK Marks and/or confusingly similar marks, constitute a false designation of origin, a false and misleading description of fact, and a false and misleading representation of fact, that has caused and is likely to continue to cause confusion, or to cause mistake, or deception, as to the affiliation of Defendants' clothing with Plaintiff, and to cause confusion, or to cause mistake, or deception, to the effect that Plaintiff sponsors or approves of the clothing products that Defendants are displaying and selling.

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

67.     The substantial goodwill associated with Plaintiff's business under the COLDWATER CREEK Marks is of enormous value, and Plaintiff will suffer irreparable harm should Defendants' false designation of origin be allowed to continue to the detriment of Plaintiff's reputation and goodwill.

68.     Such confusion, mistake or deception has resulted from and continues to arise out of Defendants' acts constituting false designation of origin in violation of Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C.A. Section 1125(a) and is causing irreparable harm.

69.     Upon information and belief, at all times relevant to this action, including the time Defendants first adopted its COLDWATER or COLDWATER APPAREL marks, and after Defendants knew of Plaintiff's prior adoption, ownership, and commercial use of the COLDWATER CREEK Marks in connection with apparel, Defendants nevertheless commenced their commercial use of said marks in connection with apparel, such that Defendants' adoption of their marks was a blatant attempt to trade on Plaintiff's goodwill and good reputation.  Defendants' infringement of Plaintiff's COLDWATER CREEK Marks is therefore willful and deliberate.

70.     Because Defendants' acts have been committed willfully, intentionally, and with the intent to profit from Plaintiff's goodwill in its trademarks, this is an exceptional case and Plaintiff is entitled to recover its attorneys' fees, costs, and expenses associated with this action.

71.     Furthermore, in light of Defendants' willful and intentionally falsely designating activities, Plaintiff is entitled to recover Defendants' profits and Plaintiff's damages, trebled, pursuant to 15 U.S.C. §§ 1117(a) and 1117(b).

72.     Defendants' falsely designating the origin of the goods they are selling will continue unless enjoined.

**COUNT IV**

**FEDERAL UNFAIR COMPETITION**

**UNDER SECTION 43(A) OF THE LANHAM ACT, 15 USCA § 1125(a)**

73.      Plaintiff repeats and incorporates the facts and allegations of paragraphs 1 through 72 above, inclusive, as though fully set forth herein.

74.      Plaintiff's COLDWATER CREEK Marks are wholly associated with Plaintiff due to its long, continuous, and extensive use of each, and as such, Plaintiff is deserving of having its marks adequately protected with respect to the conduct of its business.

75.      Defendants' use of the same or substantially similar infringing marks in connection with their apparel products comprises unfair competition in that customers and/or would-be customers are likely to be confused concerning the origin of goods having nearly identical marks associated with them in the marketplace, as well as the existence of an affiliation, connection, or association between Plaintiff and Defendants.

76.      Defendants' aforesaid acts, and each of them, constitute unfair competition in violation of 15 U.S.C. 1125(a).  Defendants have undertaken such acts willfully, intentionally, and without permission or authorization from Plaintiff.

77.      As a direct and proximate result of the aforesaid acts of unfair competition, Defendants have wrongfully taken Plaintiff's profits and the benefit of its creativity and investment of time, energy and money.  Defendants should therefore disgorge all profits from the sale of their counterfeit, infringing, inferior products, and further should be ordered to perform full restitution to Plaintiff as a consequence of their unfairly competitive activities.  Defendants are also liable for any incidental, consequential, or other monetary damages proximately caused by their unfairly competitive activities.

78.      By reason of Defendants' acts of unfair competition, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

1    enters an order enjoining Defendants from any further acts of unfair competition.

2        79.    Defendants' continuing acts of unfair competition, unless enjoined, will

3    cause irreparable damage to Plaintiff in that it will have no adequate remedy at law

4    to compel Defendants to cease such acts.  Plaintiff will be compelled to prosecute a

5    multiplicity of actions, one action each time Defendants commit such acts, and in

6    each such action it will be extremely difficult to ascertain the amount of

7    compensation which will afford Plaintiff adequate relief.

8        80.    Plaintiff is therefore entitled to a preliminary injunction and a permanent

9    injunction against further unfairly competitive conduct by Defendants and those in

10   concert with Defendants and those directing the unfairly competitive conduct.

11

12                              **COUNT V**

13               **COMMON LAW TRADEMARK INFRINGEMENT**

14       81.    Plaintiff repeats and realleges all allegations contained in paragraphs 1

15   through 80 as if set forth fully herein.

16       82.    This claim is against Defendants for infringement of Plaintiff's

17   California common law trademark rights in the COLDWATER CREEK Marks.

18       83.    The COLDWATER CREEK Marks are owned by Plaintiff, are

19   inherently distinctive and/or have acquired secondary meaning particularly in

20   connection with apparel products.  They are active and subsisting owing to their

21   continuous use in California since at least as early as September of 1992, particularly

22   in connection with apparel products.

23       84.    Plaintiff has engaged in use of its COLDWATER CREEK trademarks

24   prior to Defendants' use of COLDWATER APPAREL.

25       85.    Defendants' unauthorized use of their COLDWATER APPAREL mark

26   in commerce in California is likely to cause confusion, to cause mistake, or to

27   deceive, as to the affiliation, connection, or association between Defendants and

28   Plaintiff and its COLDWASTER CREEK Marks.  Defendants have undertaken such

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647        FACSIMILE: (310) 394-4477

acts willfully, intentionally, and without permission or authorization from Plaintiff.

86.    As a result of the foregoing, Defendants are liable to Plaintiff for common law trademark infringement

87.    Because of Defendants' acts of willful trademark infringement, Plaintiff is entitled to recover its damages and Defendants' ill-gotten gains as available under California law.

88.    By reason of Defendants' acts of trademark infringement, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendants from any further acts of trademark infringement.

89.    By reason of Defendants' acts of trademark infringement, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendants from any further acts of trademark infringement.

90.    Defendants' continuing acts of trademark infringement, unless enjoined, will cause irreparable damage to Plaintiff in that it will have no adequate remedy at law to compel Defendants to cease such acts.  Plaintiff will be compelled to prosecute a multiplicity of actions, one action each time Defendants commit such acts.

91.    Plaintiff is therefore entitled to a preliminary injunction and a permanent injunction against further infringing conduct by Defendants and those in concert with Defendants and those directing the infringing conduct, including the owners, officers, and directors of Defendants.

## COUNT VI
## UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ.

92.    Plaintiff repeats and realleges all allegations contained in paragraphs 1 through 91 as if set forth fully herein.

14

93.   This is a claim against Defendants for unfair competition under California Business & Professions Code Section 17200 et seq.

94.   Defendants' business practices alleged above are unfair and offend public policy, as they were and are unlawful, unfair, unscrupulous, fraudulent on the public, and substantially injurious to Plaintiff and consumers.

95.   The above-alleged acts by Defendants constitute unfair competition and unfair business practices in violation of California Business & Professions Code Section 17200 et seq., prohibiting unfair, unlawful, deceptive, fraudulent business practices.

96.   As a direct and proximate result of the aforesaid acts of unfair competition, Defendants have wrongfully taken Plaintiff's profits and the benefit of its creativity and investment of time, energy and money.  Defendants should therefore disgorge all profits from the sale of their infringing products, and further should be ordered to perform full restitution to Plaintiff as a consequence of their unfairly competitive activities.  Defendants are also liable for any incidental, consequential, or other monetary damages proximately caused by their unfairly competitive activities.

97.   Plaintiff is entitled to have these practices enjoined.

98.   As a direct and proximate result of Defendants' willful, wanton, and fraudulent acts and conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained from continuing such unfair business practices and acts of unfair competition.

99.   Based on the foregoing clear and convincing details of Defendants' oppressive, fraudulent, malicious, willful, and/or intentional activities, an award of punitive damages pursuant to California Civil Code § 3294 should be awarded against Defendants, and each of them.

**COUNT VII**

**FALSE ADVERTISING UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ.**

100.   Plaintiff repeats and realleges all allegations contained in paragraphs 1 through 99 as if set forth fully herein.

101.   By advertising their goods on their website, the Internet, and social media in connection with the COLDWATER APPAREL and COLDWATER trademarks, Defendants have made statements, in connection with selling such goods, which are untrue or misleading, and which are known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

102.   As a result of the foregoing, Defendants are liable to Plaintiff for damages false advertising under Cal. Bus. & Prof. Code § 17500, et seq.

103.   As a direct and proximate result of the aforesaid acts of false advertising, Defendants have wrongfully taken Plaintiff's profits and the benefit of its creativity and investment of time, energy and money, and/or received ill-gotten gains. Defendants should therefore disgorge all profits from the sale of their infringing products, and further should be ordered to perform full restitution to Plaintiff as a consequence of their unfairly competitive activities.  Defendants are also liable for any incidental, consequential, or other monetary damages proximately caused by their unfairly competitive activities.

104.   Plaintiff is entitled to have these practices enjoined.

105.   As a direct and proximate result of Defendants' willful, wanton, and fraudulent acts and conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained from continuing such acts of false advertising.

106.   Based on the foregoing clear and convincing details of Defendants' oppressive, fraudulent, malicious, willful, and/or intentional activities, an award of punitive damages pursuant to California Civil Code § 3294 should be awarded

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647
FACSIMILE: (310) 394-4477

against Defendants, and each of them.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CW Brands, LLC respectfully requests that this Court enter a judgment in its favor and against Defendants, and each of them, as follows:

(1)    For an order preliminarily and permanently enjoining the Defendant Coldwater Apparel, LLC, and its officers, directors, agents, servants, attorneys, and employees and all other persons acting in concert with them, including Defendant Donelson and his agents, servants, attorneys, and employees, from committing any further acts of trademark infringement, false designation of origin, false advertising, and unfair competition relative to Plaintiff and its trademarks;

(2)    For an order directing Defendants to file with this Court and to serve on the Plaintiff within thirty (30) days after service on Defendants of the injunction granted herein, or such extended period as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction and order of the Court;

(3)    For an order seizing and impounding all accused products (i.e., apparel bearing the infringing mark(s)) in Defendants' possession, custody, control, and/or inventory, or en route to the U.S. from Defendants' supplier(s);

(4)    An identification, by name and contact information, supplemented by documentary proof, of the source of the infringing products and product packaging, as well as all other persons and/or entities in the chain of distribution between the source and the Defendants;

(5)     For a judgment that Defendants have willfully committed trademark infringement, false designation of origin, false advertising, and unfair competition;

(6)     For a judgment requiring Defendants to account to Plaintiff for, and to pay Plaintiff, all profits derived by Defendants from their selling of infringing, unfairly competitive, falsely designated, and/or falsely advertised products;

(7)     For a judgment requiring Defendants to pay for all damages Plaintiff has suffered by virtue of Defendants' infringing, unfairly competitive activities, falsely advertised, and false designation of origin, to be trebled because Defendants' unlawful actions were committed willfully and intentionally.

(8)     For a judgment awarding punitive damages to Plaintiff pursuant to California Civil Code § 3294;

(9)     For a judgment awarding to Plaintiff pre-judgment and post-judgment interest until the award is fully paid by Defendants;

(10)    Deeming this to be an "exceptional case" within the meaning of 15 U.S.C. § 1117(a)(3), and awarding Plaintiff its attorneys' fees, expenses, and costs incurred herein; and,

///

///

///

18

(11)   Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Respectfully submitted,

CISLO & THOMAS LLP

Dated: April 1, 2021          By:   /s/Mark D. Nielsen

Daniel M. Cislo
Mark D. Nielsen

*Of Counsel*:
Mark S. Kaufman
(*pro hac vice* application to be filed)
KAUFMAN & KAHN, LLP

Attorneys for Plaintiff,
CW BRANDS, LLC

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

19

1

**DEMAND FOR JURY TRIAL**

2   Plaintiff CW BRANDS, LLC hereby demands a trial by jury on all issues

3 raised by the Complaint that are triable by jury.

4

5             Respectfully submitted,

6             CISLO & THOMAS LLP

7 Dated: April 1, 2021     By: /s/Mark D. Nielsen

8             Daniel M. Cislo

             Mark D. Nielsen

9

10            *Of Counsel*:

            Mark S. Kaufman

11            (*pro hac vice* application to be filed)

            KAUFMAN & KAHN, LLP

12

13            Attorneys for Plaintiff,

            CW BRANDS, LLC

14

15 \\SRV-SQL\TMDOCS\21-43538\Complaint for Damages.docx

16

17

18

19

20

21

22

23

24

25

26

27

28

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90025
FACSIMILE: (310) 394-4477
TELEPHONE: (310) 451-0647